# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:17-CV-155-RLV-DCK

| | |
|---|---|
| UN4 PRODUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DOES 1-10, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Leave To Take Discovery Prior To Rule 26(f) Conference" (Document No. 4) filed August 25, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

The "Complaint For Copyright Infringement" (Document No. 1) asserts that Doe Defendants 1-10 (the "Doe Defendants") have infringed on Plaintiff's exclusive rights under the Copyright Act by copying and distributing Plaintiff's motion picture, *Boyka: Undisputed 4* ("*Boyka*"), a mixed martial arts action film. (Document No. 1, p.8). Plaintiff further asserts that *Boyka* is protected by the Copyright Act and Registration PA 2-031-176, March 29, 2017. (Document No. 1, p.3). At this time, Plaintiff does not know the true names of the Doe Defendants, only their Internet Protocol ("IP") addresses as assigned by their Internet Service Provider ("ISP"). (Document No. 1, pp.4, 13).

By the instant motion, Plaintiff seeks to issue subpoenas pursuant to Fed.R.Civ.P. 45 to one or more ISPs who provided Internet services to any of the Doe Defendants identified by an IP

address in Exhibit 2 of the Complaint. (Document No. 4, p.1); see also, (Document No. 1, p.13). Plaintiff asserts that it will seek production of documents containing information sufficient to identify each Doe Defendant, including their names and current addresses. Id. Once it obtains the true names of the Doe Defendants, Plaintiff intends to amend its Complaint. (Document No. 1, p.4).

Based on the foregoing, the undersigned finds good cause to grant the pending motion and allow Plaintiff to seek the identities of the Doe Defendants; however, the undersigned expresses no opinion as to how the Court might rule on any motion(s) to quash the proposed subpoenas.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To Take Discovery Prior To Rule 26(f) Conference" (Document No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that: (1) Plaintiff may serve each of the ISPs with a copy of this Order and a Rule 45 subpoena, commanding each ISP to provide Plaintiff with the true name, permanent address, current address, telephone number, email address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit B (Document No. 1, p.13) to the Complaint; and (2) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**SO ORDERED**.

Signed: August 28, 2017

David C. Keesler
United States Magistrate Judge