# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-155-MOC-DCK

| | |
|---|---|
| UN4 PRODUCTIONS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** <br>) |
| DOES 1-10, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant John Doe 7's "Motion To Quash Subpoena Directed To John Doe 7" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will deny the motion.

## BACKGROUND

Plaintiff UN4 Productions, Inc. ("Plaintiff") filed its "Complaint For Copyright Infringement" (Document No. 1) on August 25, 2017, asserting that Doe Defendants 1-10 (the "Doe Defendants") have infringed on Plaintiff's exclusive rights under the Copyright Act by copying and distributing Plaintiff's motion picture, *Boyka: Undisputed 4* ("*Boyka*"), a mixed martial arts action film. (Document No. 1, p.8). Plaintiff further asserts that *Boyka* is protected by the Copyright Act and Registration PA 2-031-176, March 29, 2017. (Document No. 1, p.3). Plaintiff does not know the true names of the Doe Defendants, only their Internet Protocol ("IP") addresses as assigned by their Internet Service Provider ("ISP"). (Document No. 1, pp.4, 13).

Plaintiff also filed its "Motion for Leave To Take Discovery Prior To Rule 26(f) Conference" (Document No. 4) on August 25, 2017. By that motion, Plaintiff sought to issue

subpoenas pursuant to Fed.R.Civ.P. 45 to one or more ISPs who provided Internet services to any of the Doe Defendants identified by an IP address in Exhibit 2 of the Complaint. (Document No. 4, p.1); see also, (Document No. 1, p.13). Plaintiff asserted that it would seek production of documents containing information sufficient to identify each Doe Defendant, including their names and current addresses. Id. Once it obtains the true names of the Doe Defendants, Plaintiff intends to amend its Complaint. (Document No. 1, p.4).

The undersigned granted the motion for early discovery on August 28, 2017. (Document No. 7). The undersigned specifically ordered that:

> (1) Plaintiff may serve each of the ISPs with a copy of this Order and a Rule 45 subpoena, commanding each ISP to provide Plaintiff with the true name, permanent address, current address, telephone number, email address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit B (Document No. 1, p.13) to the Complaint; and (2) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

(Document No. 7, p.2). The Order also explicitly stated that "the undersigned expresses no opinion as to how the Court might rule on any motion(s) to quash the proposed subpoenas." Id.

On October 10, 2017, counsel for Defendant John Doe 7, identified by IP address 69.132.81.191, filed the pending "Motion To Quash Subpoena Directed To John Doe 7" (Document No. 8); see also (Document No. 1-2). "Plaintiff's Response In Opposition…" (Document No. 9) was filed on October 24, 2017; and Defendant's reply brief was filed on October 31, 2017.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

2

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Rule 45 provides that a subpoena must be quashed or modified that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

Fed.R.Civ.P. 45(d)(3).

## DISCUSSION

Defendant John Doe 7 ("Defendant" or "Doe 7") now seeks to quash a subpoena issued to Time Warner Cable, via its Custodian of Records, on the grounds that compliance with the subpoena will subject Doe 7 to undue hardship, and that it seeks information outside the scope of discovery. (Document No. 8) (citing Fed.R.Civ.P. 26 and 45). Defendant Doe 7 received a letter from his Internet Service Provider ("ISP") on or about September 29, 2017, informing him that the ISP had received a subpoena seeking documents identifying Doe 7's name and address. (Document No. 8-1, p.1). Defendant denies that he copied or transmitted Plaintiff's copyrighted works on August 5, 2017, at 03:43:57. (Document No. 8-1, p.2).

3

Defendant's first argument suggests that Plaintiff's identification of alleged infringers of its copyright is not reliable and could lead to false accusations, and/or that Plaintiff is a "copyright troll" seeking to shake down John Does for quick settlements. (Document No. 8-1, pp.2-6, 10-12). Defendant also argues that Plaintiff has not sufficiently shown "good cause" to require early discovery in this case.

The parties agree on the following factors for demonstrating good cause:

> (1) a prima facie showing of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the information; and (5) that the defendant have a minimal expectation of privacy.

(Document No. 5, p.3) (citing Elektra Entertainment Group, Inc. v. Doe, 2008 WL 5111886 (E.D.N.C. 2008); see also (Document No. 8-1, p.7).

Defendant contends that Plaintiff has failed to establish a violation by the individual to whom the IP address in question is registered. (Document No. 8-1, p.8). Moreover, even if a "copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer." Id. (quoting Patrick Collins, Inc. v. Does 1-6, 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012)). Defendant asserts that Plaintiff "fails to present any evidence that John Doe 7 either uploaded, downloaded, or even possessed a complete copyrighted video file." (Document No. 8-1, p.9). Defendant also argues that the subpoena must be quashed because it submits him/her to an undue burden.

Defendant requests that a protective order issue to protect the disclosure of identifying information. (Document No. 8-1, pp.12-13).

The crux of Plaintiff's response is that Defendant's argument mistakes the burden of proof at trial with the burden of demonstrating good cause to obtain early discovery. (Document No. 9, p.5). Plaintiff asserts that it is interested in obtaining early discovery to contact the previously

4

identified account holders. (Document No. 9, p.6). Plaintiff contends that only by making contact with the owners of those IP addresses and gathering more facts can it determine who is responsible for the illegal activity associated with each address. Id.

Plaintiff also states that it has no objection to a reasonable protective order, or to maintaining the confidential identity and contact information of Defendant Doe 7. (Document No. 9, p.7).

The undersigned finds Plaintiff's position at this stage to be most persuasive. It appears there is sufficient good cause to allow some early discovery in this case as proposed by Plaintiff. To the extent Defendant requests a protective order, and noting that Plaintiff does not object, the parties may file a consent motion for protective order, along with a proposed order.

**IT IS, THEREFORE, ORDERED** that Defendant John Doe 7's "Motion To Quash Subpoena Directed To John Doe 7" (Document No. 8) is **DENIED**.

**SO ORDERED**.

Signed: November 9, 2017

David C. Keesler
United States Magistrate Judge